UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

MILA AYATO,

      Plaintiff,

vs.

ULTIMATE IMAGES & DESIGN INC.
d/b/a OASIS BY THE SEA
"GREEK RESTAURANT", and
SEYFULLAH KALDIRIMOGLU, individually,

      Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff, MILA AYATO, on behalf of herself and all others similarly situated, by and through her undersigned counsel, and sues the Defendant, ULTIMATE IMAGES & DESIGN INC. d/b/a OASIS BY THE SEA "GREEK RESTAURANT" ("COMPANY"), and SEYFULLAH KALDIRIMOGLU, individually, and alleges as follows:

1.    That Plaintiff, former employee of Defendants, bring this collective action on behalf of herself and all other similarly situated employees of Defendants, to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2.    Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3.    That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4.    That at all times material hereto, Plaintiff, and others similarly situated, were citizens and residents of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendant, COMPANY, was the employer of the Plaintiff, and others similarly situated, was conducting business in this judicial district, was an 'employer' under the FLSA, and an enterprise engage in commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C § 203(r) and 203(s). Based upon the information and belief, the annual gross sales volume of the corporate Defendant was in excess of $500,000.00 per annum at all times material hereto.

6. That at all times material hereto, Defendant, SEYFULLAH KALDIRIMOGLU, individually, acted directly in the interests of his employer, the Defendant, COMPANY, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, COMPANY, and is otherwise an 'employer' under the FLSA.

7. That the Plaintiff, MILA AYATO was hired as a server at the Defendants' restaurant on November 5, 2016 until and including May 27, 2017.

8. That Plaintiff, and others similarly situated, as servers, were 'tipped' employees under the FLSA.

9. That, during Plaintiff's employment and others similarly situated, Defendant claimed a 'tip-credit' for Plaintiff and others similarly situated, and paid these employees below the statutorily required minimum wage under the FLSA.

10. That, in order for Defendant to claim a 'tip-credit', the Plaintiff and others similarly situated must be informed of the provisions of the 'tip-credit', and all tips received by Plaintiff, and others similarly situated, must be absolutely retained by Plaintiff, or pooled with other 'tipped' employees.

11. That Defendants failed to comply with the 'tip-credit' requirements pursuant to the FLSA by including management in the tip pool.

12. That Defendants' failure to comply with the FLSA 'tip-credit' requirements results in Defendants' inability to claim a 'tip-credit' for Plaintiff and others similarly situated.

13. That Defendants, unable to claim a 'tip-credit', is required to compensate Plaintiff and others similarly situated, with at least minimum wage.

14. That Defendants willfully refused to properly compensate Plaintiff, and others similarly situated, for minimum wage in violation of the FLSA, as the aforementioned 'tip-credit' was claimed despite the fact that Defendants had failed to comply with the 'tip-credit' requirements under the FLSA.

15. All records concerning the number of hours actually worked by Plaintiff, and others similarly situated, are in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due.

16. Plaintiff, however, will exert her collective diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff and others similarly situated.

## COUNT I
## FLSA-COMPANY

Plaintiff, and others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

17. Plaintiff, and others similarly situated, are entitled to minimum wage for all hours worked pursuant to the FLSA.

18. By reason of the intentional, willful and unlawful acts of the Defendant, COMPANY, in violation of the FLSA, Plaintiff, and others similarly situated, has suffered damages.

**WHEREFORE**, Plaintiff, MILA AYATO, on behalf of herself and all others similarly situated, demand judgment against the Defendant, COMPANY, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA– SEYFULLAH KALDIRIMOGLU

Plaintiff, and others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

19. Plaintiff, and others similarly situated, are entitled to minimum wage for all hours worked pursuant to the FLSA.

20. By reason of the intentional, willful and unlawful acts of the Defendant, SEYFULLAH KALDIRIMOGLU, in violation of the FLSA, Plaintiff, and others similarly situated, has suffered damages.

**WHEREFORE**, Plaintiff, MILA AYATO, on behalf of herself and all others similarly situated, demand judgment against the Defendant, SEYFULLAH KALDIRIMOGLU, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, MILA AYATO, on behalf of herself and all others similarly situated, demand trial by jury of all issues triable as of right by a jury.

Dated: November 11, 2017.  Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701

DAVID COZAD, ESQ.
F.B.N.: 333920